# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DYNAVOX INC., *et al.*, | Case No. 14-10791 (PJW) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 229, 230, 232, 260, 261, 270, 293 and 297 |

## ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF LIQUIDATION OF DYNAVOX INC., DYNAVOX SYSTEMS HOLDINGS LLC AND DYNAVOX INTERMEDIATE LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

On December 22, 2014, the Court held a hearing ("**Confirmation Hearing**") on confirmation of the *First Amended Joint Plan of Liquidation of DynaVox Inc., DynaVox Intermediate LLC and DynaVox Systems Holdings LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 260] (as modified, amended, or supplemented from time to time, the "**Plan**"). Appearances were made as reflected in the record of the hearing. On November 17, 2014, the Court entered its Order approving the *First Amended Disclosure Statement for First Amended Joint Plan of Liquidation of DynaVox Inc., DynaVox Intermediate LLC and DynaVox Systems Holdings LLC Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "**Disclosure Statement**") [Docket No. 261] approving the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and authorizing the service without the solicitation of acceptances and rejections of the Plan, establishing related deadlines and procedures, and setting December 22, 2014 as the Confirmation Hearing (the "**Disclosure Statement Order**") [Docket No. 270].

The Court has reviewed and considered the Plan, the Disclosure Statement, the notice of the Confirmation Hearing ("**Confirmation Hearing Notice**") [Docket No. 271], the affidavits of service filed in respect of the Disclosure Statement Order, the Disclosure Statement, the Plan

(appended to the Disclosure Statement) and the Confirmation Hearing Notice [Docket Nos. 274, 275] ("**Affidavits of Service**"), the *Debtors' Memorandum of Law in Support of Confirmation of the First Amended Joint Plan of Liquidation of DynaVox Inc., DynaVox Intermediate LLC and DynaVox Systems Holdings LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 293], the *Declaration of Erin L. Russell in Support of Confirmation of the First Amended Joint Plan of Liquidation of DynaVox Inc., DynaVox Intermediate LLC and DynaVox Systems Holdings LLC Under Chapter 11 of the Bankruptcy Code* (the "**Russell Declaration**") [Docket No. 297], other documents comprising the record in these cases, the arguments and representations of counsel, and the evidence proffered and/or adduced at the Confirmation Hearing. Based upon that review and consideration, and after due deliberation thereon, the Court makes and issues the following findings of fact, conclusions of law and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A) <u>Venue, Core Proceeding; Exclusive Jurisdiction</u>. On the Petition Date, the Debtors commenced these chapter 11 cases (the "**Cases**") by filing voluntary petitions for relief under chapter 11 of the bankruptcy Code. The Debtors were qualified and are qualified to be debtors under section 109(d) of the Bankruptcy Code. Venue was proper as of the Petition Date and continues to be proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has jurisdiction over the Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B) <u>Judicial Notice</u>. The Court takes judicial notice of the docket in the Cases maintained by Clerk or the Court and/or its duly-appointed agent, including all pleadings and

other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the Cases.

C) <u>Burden of Proof</u>. The Debtors, as proponent of the Plan, have the burden of proving the elements under sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, and they have met that burden as further found and determined herein.

D) <u>Solicitation and Notice</u>. As evidenced by the Affidavits of Service, and as required by the Disclosure Statement Order, the Debtors have provided notice of the Confirmation Hearing by timely transmitting the Disclosure Statement Order, the Disclosure Statement, the Plan, and the Confirmation Hearing Notice (collectively, the "**Notice Package**") to all known holders of Claims and Equity Interests in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. Because all Classes of Claims and Equity Interests are unimpaired under the Plan and are conclusively presumed to have accepted the Plan, solicitation of acceptances and rejections of the Plan was not necessary pursuant to section 1126(f) of the Bankruptcy Code. The notice given of the Confirmation Hearing was adequate and sufficient; no other notice need be given.

E) <u>Acceptances to the Plan</u>. Because all Classes of Claims and Equity Interests are unimpaired under the Debtors' Plan, each Class is deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

F) <u>Rejection of Executory Contracts and Unexpired Leases</u>. The provisions of Article III of the Plan governing the rejection of executory contacts and unexpired leases satisfy the requirements of all applicable provisions of section 365 of the Bankruptcy Code. The Debtors have exercised reasonable business judgment on deciding to reject any and all remaining executory contracts and unexpired leases except as specified in the Plan. Each rejection of an

executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the Liquidating Estate and all non-debtor parties to such executory contract or unexpired lease, all to the same extent as if the rejection had been effectuated by motion.

G) <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in sections 1129(a) and (b) of the Bankruptcy Code, as set forth below:

(a) <u>11 U.S.C. § 1129(a)(1)</u>: The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code.

(i) <u>11 U.S.C. § 1122</u>: Each Claim or Equity Interest placed in a particular Class under the Plan is substantially similar to the other claims or interests in that Class. In addition, valid business, legal and factual reasons exist for the separate classification of each of the classes of Claims and Equity Interests created under the Plan, and there is no unfair discrimination between or among holders of Claims and Interests.

(ii) <u>11 U.S.C. §1123</u>. Section II of the Plan classifies Claims and Equity Interests into five different Classes (except for Administrative Claims and Priority Tax Claims which are not classified), specifies that all Classes of Claims and Equity Interests are unimpaired, provides the same treatment for claims within each class (except to the extent agreed to by the holder of a claim), and provides adequate means for the Plan's implementation. 11 U.S.C. § 1123(a)(1)-(5). The Plan does not propose the issuance of equity or other securities; accordingly the prohibition on issuance of nonvoting securities is inapplicable. 11 U.S.C. §1123(a)(6). The provisions of the Plan providing for the continuation of the Debtors' estates as the Liquidating Estates, and the appointment of Soneet R. Kapila as Liquidating

Trustee, are consistent with the interests of creditors, holders of Equity Interests and public policy. 11 U.S.C. § 1123(a)(7). The Plan contains other permissive provisions, which are appropriate pursuant to section 1123(b) of the Bankruptcy Code and not inconsistent with the Bankruptcy Code.

(b) <u>11 U.S.C. § 1129(a)(2)</u>: The Debtors have complied with all of the Bankruptcy Code's applicable provisions, the Bankruptcy Rules and the Disclosure Statement Order. Because all Classes of Claims and Equity Interests are unimpaired under the Debtors' Plan, solicitation of acceptances and rejections of the Plan was not necessary.

(c) <u>11 U.S.C. § 1129(a)(3)</u>: The Debtors have proposed the Plan in good faith and not by any means forbidden by law. Among other things, the Plan, and the sale transaction that preceded the Plan, are all the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in these cases, with the objective of ensuring that economic stakeholders of the Debtors' estates realize the best possible recovery under the circumstances.

(d) <u>11 U.S.C. § 1129(a)(4)</u>: The Plan appropriately provides for Court approval of all payments for services in connection with the Cases and therefore satisfies section 1129(a)(4) of the Bankruptcy Code.

(e) <u>11 U.S.C § 1129(a)(5)</u>: The Plan and Disclosure Statement comply with section 1129(a)(5) of the Bankruptcy Code by virtue of the disclosure in the record of the Cases of the identities and affiliations of the individual proposed to serve, after confirmation or the Plan, as the Liquidating Trustee. As noted, the appointment of

Soneet R. Kapila as Liquidating Trustee is consistent with the interests of creditors, holders of Equity Interests and public policy.

(f) <u>11 U.S.C. § 1129(a)(6)</u>: The requirements of section 1129(a)(6) of the Bankruptcy Code are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors have no operations and are being liquidated.

(g) <u>11 U.S.C. § 1129(a)(7)</u>: The requirements of section 1129(a)(7) of the Bankruptcy Code are not applicable to the Plan because each Class of Claims and Equity Interests is unimpaired.

(h) <u>11 U.S.C. § 1129(a)(8) / 11 U.S.C. § 1129(b)</u>: The Plan and Disclosure Statement comply with the requirements of section 1129(a)(8) of the Bankruptcy Code because all Classes of Claims and Equity Interests are unimpaired and therefore such Classes are deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

(i) <u>11 U.S.C. § 1129(a)(9)</u>: The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code. As more specifically described in Sections II.B.1, II.B.2 and II.C.3 of the Plan, the Plan provides that Allowed Administrative Claims, Allowed Priority Claims and Allowed Priority Tax Claims will be paid in full upon the Effective Date or promptly thereafter, or, if they are not yet Allowed Claims, shortly after they become Allowed Claims and are due and payable by their terms.

(j)     **11 U.S.C. § 1129(a)(10)**: The requirements of section 1129(a)(10) of the Bankruptcy Code are not applicable to the Plan because each Class of Claims and Equity Interests is unimpaired.

(k)     **11 U.S.C. § 1129(a)(11)**: The Plan is feasible and therefore satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code. The Plan provides for the liquidation of the Debtors' assets, to the extent not already liquidated, and the distribution of the proceeds to holders of Allowed Claims and Allowed Equity Interests.

(l)     **11 U.S.C. § 1129(a)(12)**: The Plan provides for payment in full of all Allowed Administrative Claims, which includes U.S. Trustee Fees arising under 28 U.S.C. § 1930. The Plan thus satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

(m)     **11 U.S.C. § 1129(a)(13)**: The requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable to the Plan because the Debtors are not obligated to fund any retiree benefits within the meaning of this statute.

(n)     **11 U.S.C. § 1129(a)(14) and (15)**: These statutes apply only to individual debtors and thus are inapplicable to confirmation of the Plan.

(o)     **11 U.S.C. § 1129(a)(16)**: The requirements of section 1129(a)(16) of the Bankruptcy Code are not applicable to confirmation of the Plan because none of the Debtors are a nonprofit entity or trust.

(p)     **11 U.S.C. § 1129(d)**: The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

H) <u>Liquidating Estates</u>. The continuation of the Debtors' estates as the Liquidating Estates is an essential element of the Plan. Entry into the Liquidating Estate Agreement is in the best interests of the Debtors, their Estates, creditors and holders of Equity Interests. The establishment of the Liquidating Estates, the selection of Soneet R. Kapila to serve as Liquidating Trustee, the form of the proposed Liquidating Estate Agreement, as the same may subsequently be amended or modified, is appropriate and in the best interests of creditors and holders of Equity Interests. The Liquidating Estate Agreement, shall, upon execution, be valid, binding and enforceable in accordance with its terms. The vesting in the Liquidating Estates of Retained Actions and rights of disallowance, offset, recharacterization and/or equitable subordination with respect to Claims, as specified in the Plan, is a material component of the Plan, and nothing in this Order, the Plan, or the Disclosure Statement shall be deemed or construed to prejudice or preclude the full assertion of such rights.

I) <u>Preservation of Retained Actions</u>. It is in the best interests of the Estates, their creditors and holders of Equity Interests that the Retained Actions, which are not expressly released under the Plan, be retained by the Liquidating Estate as specified in the Plan.

J) <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article VI.N of the Plan.

K) <u>Releases and Related Provisions</u>. The releases contained in Section V.B of the Plan are, under the circumstances presented, fair, reasonably necessary to the successful effectuation of the Plan, and justified by the substantial consideration available under the Plan for the benefit of the holders of Allowed Claims and Allowed Equity Interests.

## ORDER

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT HEREBY IS ORDERED THAT:

1. <u>Confirmation</u>. The Plan is approved and confirmed. The terms of each of the documents referred to in the Plan and all exhibits and addenda thereto are approved, incorporated by reference into, and an integral part of the Plan.

2. <u>Objections</u>. Any objections to confirmation of the Plan that have not been withdrawn or resolved by stipulation are hereby overruled.

3. <u>Provisions of Plan and Order Non-severable and Mutually Dependent</u>. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

4. <u>Record Closed</u>. The record of the Confirmation Hearing is closed.

5. <u>Notice</u>. The Debtors have provided good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan, which notice is hereby approved.

6. <u>Binding Effect and Validity</u>. The provisions of the Plan and this Order shall bind the Debtors, the Estates, the Liquidating Estates, the Liquidating Trustee, and all holders of Claims against and Equity Interests in the Debtors, including their successors and assigns, whether or not the Claims or Equity Interests of these entities are impaired under the Plan, whether or not these entities have voted to accept or reject the Plan, and whether or not these entities have filed proofs of Claim or proofs of Interest in the Case. Each Plan term and provision, as it may be interpreted in accordance with the Plan, is valid and enforceable under its terms.

7. <u>Substantive Consolidation</u>. The substantive consolidation of all of the assets and liabilities of the Consolidated Debtors into a single estate solely for the purpose of distributions to Holders of Allowed Claims and Allowed Equity Interests, as provided for in Section IV.B of the Plan, is approved, <u>provided</u>, <u>however</u>, that such substantive consolidation shall not affect any obligation of any of the Debtors to pay fees due and owing to the United States Trustee.

8. <u>Appointment of Liquidating Trustee</u>. Soneet R. Kapila is appointed Liquidating Trustee under the Plan effective on the Effective Date. Pursuant to Section IV.D.4 of the Plan, the Liquidating Trustee shall have all of the rights, powers and duties conferred to him by the Plan and the Liquidating Estate Agreement including, without limitation, all rights under Bankruptcy Rule 2004 to examine any entity. Upon the filing and approval of an appropriate motion in this Court, the Liquidating Trustee is hereby afforded the right to conduct examinations under oath and compel production of documents from any person or entity as provided in Bankruptcy Rules 2004, 7026-37, and 9016.

9. <u>Effectuation of the Plan</u>. The Debtors, the Estates, the Liquidating Estates and the Liquidating Trustee, are authorized to execute and deliver any and all documents and instruments and take any and all actions necessary or desirable to implement the Plan and this Order and to effect any other transactions contemplated therein or thereby. To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors and the Liquidating Estates are authorized - without further noticed or application to or order of the Court - to execute, deliver, file, or record such agreements or documents, and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Order. To the extent that, under applicable non-bankruptcy law, any of these actions

otherwise would require the consent or approval of the shareholders or boards of directors of the Debtors, this Order constitutes such consent and approval.

10. <u>Liquidating Estates</u>. Pursuant to the Plan, the Debtors' estates will continue after the Effective Date as the Liquidating Estates. The Liquidating Estates may also be known as the "DynaVox Liquidating Estates." On and after the Effective Date, all pleadings and other papers filed in the Cases shall be captioned "In re: DynaVox Liquidating Estates."

11. <u>Vesting of Property in the Liquidating Estates</u>. Except as otherwise provided in the Plan or this Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, on the Effective Date all property of the Estates shall vest in the Liquidating Estates, free and clear of all Claims, Equity Interests, liens and encumbrances, including as set forth in the Plan.

12. <u>Treatment is in Full Satisfaction</u>. Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan for each Class of Claims and Equity Interests is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each Entity holding a Claim or an Equity Interest may have in or against the Debtors, their Estates, the Liquidating Estates, the Liquidating Trustee, or their respective property. This treatment supersedes and replaces any agreements or rights those Entities may have in or against the Debtors, the Estates, the Liquidating Estates, the Liquidating Trustee, or their respective property.

13. <u>Vesting or Retained Actions in the Liquidating Estates</u>. The Retained Actions shall be fully preserved and vest in the Liquidating Estates as provided in Section IV.D.2 of the Plan and shall be prosecuted, managed, controlled, and/or settled, and/or residual transferred on behalf of the Liquidating Estates by the Liquidating Trustee, as provided in the Plan.

Notwithstanding anything contained herein or in the Plan to the contrary, any settlement or abandonment of any Retained Action against any of the Debtors' Indemnified Parties by the Liquidating Trustee shall be on notice to all parties-in-interest in these Cases pursuant to and in accordance with Section 23 below.

14. <u>Administrative Claims Bar Date</u>. The Administrative Claims Bar Date for Administrative Claims arising between August 1, 2014 and the Effective Date shall be 30 days after the mailing of notice of the Effective Date by the Liquidating Trustee. On or prior to the Effective Date, an aggregate amount of $100,000 (the "**Escrowed Amount**") shall be escrowed by the Liquidating Trustee. The Escrowed Amount shall be reserved under the Plan as a professional fee reserve for Brown Rudnick LLC and The Rosner Group LLC, counsel to the Ad Hoc Committee of Equity Security Holders, and thereafter paid by the Liquidating Trustee if such fees are allowed by order of the Bankruptcy Court.

15. <u>Record Date</u>. The distribution record date for cash distributions for Allowed Equity Interests under the Plan shall be 14-days after entry of this Order by the Bankruptcy Court (the "<u>Equity Distribution Record Date</u>"). All distributions to holders of Allowed Equity Interests shall be made to the holders of Allowed Equity Interests as of the Equity Distribution Record Date. Section IV.F.2 shall be inapplicable to any distributions made by record holders of Equity Interests to the beneficial interest holders of the Equity Interests.

16. <u>Exculpation</u>. Pursuant to Section V.C of the Plan, the Debtors and their respective officers, directors, members and managers, and the Professionals for the Debtors (acting in such capacity) (collectively, the "**Exculpated Parties**") shall neither have nor incur any liability whatsoever to any Person or Entity for any act taken or omitted to be taken in good faith in connection with or related to the formulation, preparation, dissemination,

implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the Plan or the Chapter 11 Cases, in each case for the period on and after the Petition Date; provided, however, that this exculpation from liability provision shall not be applicable to any liability found by a court of competent jurisdiction to have resulted from fraud or the willful misconduct or gross negligence of any such party. With respect to Professionals, the foregoing exculpation and release provision shall also include claims of professional negligence arising from the services provided by such Professionals during the Chapter 11 Cases. Each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.

17.  **Binding Effect of Plan/Injunction.** The provisions of Article VI.A of the Plan setting forth the binding effect of the Plan are approved in their entirety and are in full force and effect. Without limiting the generality of the preceding, except as otherwise provided in the Plan or this Order, all Entities that have held, hold or may hold Claims against or Equity Interests in the Debtors are permanently enjoined, from and after the Effective Date, from taking any of the following actions against any of the Debtors, their Estates, the Liquidating Trustee, the Liquidating Estates, the Professionals, or any of their property on account of any Claims or causes of action arising from events prior to the Effective Date, (i) enforcing, attaching, collecting or recovering by any manner or in any place or means any judgment, award, decree or order; (ii) creating, perfecting, or enforcing any Lien or encumbrance of any kind; (iii) asserting any right of setoff, right of subrogation or recoupment against any obligation, debt or liability due to the Debtors, and (iv) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity

Interest. Except as expressly provided in the Plan, the Debtors, the Liquidating Estates and the Liquidating Trustee expressly reserve all rights and defenses that the Debtors may have (including, without limitation, the rights of subrogation and recoupment) with respect to any obligation, debt or liability allegedly due to any Entity.

18. <u>Releases</u>. The releases contained in Section V.B are appropriate under section 1123(b) of the Bankruptcy Code, are approved, and shall be effective in accordance with their terms. Any and all entities specified therein are permanently enjoined thereunder from commencing or prosecuting, directly, derivatively or otherwise any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released or exculpated pursuant to these provisions and any other provisions of the Plan, including claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released under the Plan. The Debtors' release set forth in Section V.B shall be inapplicable to (a) any Debtors' Indemnified Party against whom the Liquidating Trustee initiates a Retained Action prior to the Retained Actions Deadline, as may be extended by the Court for good cause shown, or (b) any party, other than a Debtors' Indemnified Party, against whom the Liquidating Trustee initiates a Retained Action prior to the expiration of the applicable bankruptcy or non-bankruptcy statute of limitations.

19. <u>Dissolution of the Debtor Entities/Termination of Officers and Directors</u>.

(a) Pursuant to Section IV.G of the Plan, on the Effective Date, and without further action by any party: (A) the Debtors have no right to operate a business; and (B) the services of the Debtors' officers, directors, managers and authorized representative automatically are terminated and each such officer, director and/or manager shall be deemed to have resigned as of the

Effective Date without any further action; <u>provided</u>, <u>however</u>, that notwithstanding the foregoing, the Liquidating Trustee shall have and retain such authority as set forth in the Plan and the Liquidating Estate Agreement to dispose of the assets of the Liquidating Estates and otherwise implement the Plan in accordance with its terms.

(b) The Liquidating Trustee shall serve as the sole director and, initially, as president, secretary and treasurer of DynaVox Inc. Pursuant to 8 *Del. C.* §303, the Liquidating Trustee is authorized to file with the Secretary of State of the State of Delaware (the "**Secretary**"), at such time as the Liquidating Trustee shall determine in his sole discretion, a Certificate of Dissolution of DynaVox Inc. (the "**Dissolution Certificate**"). The Liquidating Trustee is authorized to file the Dissolution Certificate without further action by any of such Debtor's directors, officers, or stockholders. The Dissolution Certificate shall be filed with the Secretary without regard to 8 *Del. C.* § 103, 8 *Del. C.* § 275 or any other provision of the General Corporation Law of the State of Delaware, 8 *Del. C.* §§ 101, *et seq.* ("**DGCL**") that otherwise would be applicable, and the Dissolution Certificate shall have the same force and effect as if filed in conformity with the DGCL in the absence of this Order. The Liquidating Trustee is directed to file a copy of this Order along with the Dissolution Certificate.

(c) The Liquidating Trustee shall serve as the sole member of the Management Committee for DynaVox Intermediate LLC and DynaVox Systems Holdings LLC. The Liquidating Trustee is further authorized to file with the Secretary,

at such time as the Liquidating Trustee shall determine in his sole discretion, Certificates of Cancellation of the Certificates of Formation of DynaVox Intermediate LLC and DynaVox Systems Holdings LLC (collectively, the "**Cancellation Certificates**"), and in connection therewith shall be deemed an "authorized person" within the meaning of the Limited Liability Company Act, 6 *Del. C.* §§ 18-101, *et seq.* (the "**Act**"). The Liquidating Trustee is authorized to file the Cancellation Certificates without further action by any of such Debtors' members, managers, or unitholders. The Cancellation Certificates shall be filed with the Secretary of State without regard to 6 *Del. C.* § 18-203, 6 *Del. C.* § 18-204, 6 *Del. C.* § 18-206 or any other provision of the Act that otherwise would be applicable, and the Cancellation Certificates shall have the same force and effect as if filed in conformity with the Act in the absence of this Order. The Liquidating Trustee is directed to file a copy of this Order along with the Cancellation Certificates.

(d) The Liquidating Trustee shall be authorized to execute any documents that implement or are in aid of Section IV.G of the Plan, in particular, and the Plan in general.

20. <u>Final Decree</u>. Pursuant to Section IV.G of the Plan, this Order shall constitute a final decree closing the cases of DynaVox Systems Holdings LLC (Case No. 14-10790 (PJW)) and DynaVox Intermediate LLC (Case No. 14-10785 (PJW)) as of the date hereof pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1. The entry of the final decree is without prejudice to the rights of any party-in-interest, including without limitation any of the Reorganized Debtors or the United States Trustee, to seek to reopen these

cases pursuant to section 350(b) of the Bankruptcy Code. The Liquidation Trustee shall (a) file and provide to the Office of the United States Trustee all outstanding operating reports on or before January 22, 2015; (b) file and provide to the Office of the United States Trustee the final report required by Rule 3022-1(c) of the Delaware Local Rules of Bankruptcy Practice and Procedure on or before January 22, 2015; and (c) pay all United States Trustee quarterly fees due and owing.

21.   <u>Exemption from Certain Transfer Taxes</u>. In accordance with section 1146(a) of the Bankruptcy Code, neither (i) the issuance, transfer or exchange of a security, nor (ii) the delivery of an instrument or transfer under the Plan shall be taxed under any law imposing a stamp or similar tax. All governmental officials and agents are hereby directed to forego the assessment and collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without payment of such tax or other governmental assessment.

22.   <u>Executory Contracts and Unexpired Leases</u>.

(a)   The rejection of executory contracts and unexpired leases as set forth in the Plan is approved. Any Rejection Damage Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served on the Liquidating Trustee within thirty (30) days after the mailing of notice of the occurrence of the Effective Date (nothing herein shall extend the deadline for the filing of claims with respect to contracts or leases previously rejected). Any such Claim that is not timely Filed and served will be entitled to no distribution under the Plan on account of such Claim and will be unenforceable against the Debtors, the Estates, the

Liquidating Estates, and their respective property, and entities holding such Claims are enjoined by this Confirmation Order from receiving any distributions under the Plan on account of such untimely Claims.

(b) Pursuant to the Plan, no distributions will be made to Vestar Capital Partners, Park Avenue Equity Partners, L.P. or the other parties to that certain Tax Receivable Agreement (the "**TRA Parties**"), dated April 21, 2010 (as amended), between Dynavox Inc., Systems Holdings, and members holding membership interests in Systems Holdings (the "**TRA**") and all of the Debtors' obligations, if any, under the TRA shall be extinguished on the Effective Date. In addition, to the extent that TRA is an executory contract, the TRA shall be deemed rejected pursuant to the Plan. No distributions on account of the TRA shall be made to the TRA Parties under the Plan.

23. <u>Noticing after the Plan's Effective Date</u>. Following the Effective Date, other than the Liquidating Trustee and United States Trustee, who shall receive notices of all pleadings filed in the Cases without any further action, all parties-in-interest who wish to receive, or continue to receive, notices of all pleadings filed in the Cases must file a new request for special notice and serve it on the Liquidating Trustee and his counsel and the U.S. Trustee. The Liquidating Trustee shall maintain and keep current the post-Effective Date special notice list, and make it available to all parties-in-interest upon written request. All pleadings, notices and other papers filed in these Cases following the Effective Date (other than the notice of Effective Date) must be served on the parties on the post-Effective Date special notice list maintained by the Liquidating Trustee and any party affected thereby and no other or further notice shall be required.

24. <u>Resolution of Texas Comptroller's Objection</u>.  Notwithstanding anything else to the contrary in the Plan, the Confirmation Order or any other Order of the Court, these provisions govern the treatment of the Texas Comptroller of Public Accounts ("**Texas Comptroller**"):

(a) The Debtors and the Liquidating Estates, as applicable, shall timely file any tax returns with, and shall pay all taxes due, to the State of Texas, and shall continue to timely file such returns and pay all such taxes due to the State of Texas until no longer required to do so pursuant to Texas law. The Texas Comptroller shall not need to file or make any requests of any kind to require the timely filing any payment of all tax returns due to the State of Texas.

(b) The setoff rights of the Texas Comptroller under the Bankruptcy Code and Texas law are expressly preserved and shall not be altered or impaired

(c) The rights of the Texas Comptroller to pursue any non-debtor third parties for tax debts, liabilities or claims are expressly preserved and shall not be altered or impaired.

(d) No indebtedness due to the Texas Comptroller shall be discharged, enjoined or otherwise impaired by the Plan or Confirmation Order.

(e) The failure to make a payment when due under the Plan shall constitute an event of default ("**Event of Default**"). If an Event of Default is not cured within ten (10) days after the receipt of written notice of default from the Texas Comptroller, then the Texas Comptroller may: (a) accelerate all claims and indebtedness due; (b) subject to the injunctive provisions of the Plan, exercise any and all rights and remedies available under applicable non-

bankruptcy law; and (c) seek such relief as may be appropriate from the Bankruptcy Court.

25. <u>Inconsistency</u>. In the event of any inconsistency between the Plan and this Order, this Order shall govern.

26. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction as provided in Article VI.N of the Plan.

27. <u>Notice of Effective Date</u>. As soon as reasonably practicable, but in no event later than five (5) days after the Effective Date, the Liquidating Trustee shall serve a notice of Effective Date on all holders of Professional Fee Claims, Claims, Equity Interests and parties to unexpired leases and executory contracts that are rejected pursuant to Section III.A of the Plan. The notice of Effective Date shall include notice that (i) the bar date for filing Rejection Damage Claims (or other Claims for damages) arising from the rejection under the Plan of executory contracts or unexpired leases shall be 30 days after the mailing of such notice; (ii) the Administrative Claims Bar Date shall be 30 days after the mailing of such notice; and (iii) the last day for filing final applications or motions for professional fees and expenses pursuant to Section II.B.1.(b) of the Plan is 60 days after the Effective Date. The notice of Effective Date shall specify the record date for distributions to holders of Allowed Equity Interests.

28. <u>Stay of Confirmation Order Shortened</u>. The 14-day stay otherwise applicable to the Confirmation Order under Federal Rule of Bankruptcy Procedure 3020(e) shall be shortened from ten (14) days to three (3) days following entry of the Confirmation Order.

Dated: December 22, 2014
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY COURT